UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

EILIGIO MARIANO VELASCO ORTEGA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-02229-RGK-PD

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**A# 078-024-642**

This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Supplemental Petition be granted.

## I. Procedural History

On April 27, 2026, Eligio Mariano Velasco Ortega ("Petitioner"), then-proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1. Respondents filed an answer stating that Petitioner

sought a bond hearing and they were not presenting an opposition argument. Dkt. No. 7.

Counsel was subsequently appointed to represent Petitioner. Dkt. No. 10. Petitioner filed a counseled reply arguing that Immigration and Customs Enforcement ("ICE") previously released Petitioner into the United States and thus his re-detention without a pre-deprivation hearing violated due process. Dkt. No. 14. As the Reply raised a ground for relief not asserted in the Petition, the Court directed Petitioner to file an Amended Petition and ordered that if Petitioner filed an Amended Petition, any response by Respondents must be filed seven days thereafter. Dkt. No. 15.

On June 23, 2026, Petitioner filed a Supplemental Petition. Dkt. No. 16. Respondents did not file a response within seven days, The Court directed Respondents to file a response by July 14, 2026, and stated that "[i]f nothing is filed by that date, the Court will consider the facts and arguments raised in the Supplemental Petition as unopposed." Dkt. No. 17.

Respondents have not filed a response to the Supplemental Petition.

## II. Background

The following information is based on the allegations in the Supplemental Petition, which also incorporates by reference the allegations in the original Petition.[1] *See* Dkt. No. 16, Supp. Petition at 4. Petitioner is a 70-year-old man who is a native of El Salvador and first entered the United States in 1987.[2] In 1990, he was granted temporary protective status ("TPS") which terminated in 2002. As a result, Petitioner was ordered removed and

---

[1] Attached to the Supplemental Petition is a declaration from Michael Gomez, an attorney who interviewed Petitioner at Adelanto. Dkt. No. 16 at 11–12.

[2] Petitioner alleges he may be eligible for the Nicaraguan Adjustment and Central America Relief Act. Dkt. No. 1 at 12.

voluntarily left the United States in December 2012 to be with his dying father. Dkt. No. 1 at 12; Dkt. No. 16 at 11.

A month after his father died, Petitioner returned to the United States in January 2013. Dkt. No. 16 at 11, Gomez Decl. ¶ 3. Petitioner traveled from El Salvador to Tijuana, Mexico. When he crossed the border, he was arrested and then released in San Diego, California. *Id.* ICE told him they would send him a Notice to Appear, but they did not know when or where he would have to appear.

Since 2013, Petitioner has been employed as a butcher at a market. He has always been the sole financial provider for his wife and five children. Petitioner alleges that during this time, he has been a law-abiding person and is not a flight risk or danger to society. Dkt. No. 1 at 12. Petitioner is also active in his local church.

On November 3, 2025, Petitioner was delivering chorizos to Salvadorean street vendors when two trucks blocked him in. ICE agents then arrested him. He was subsequently transferred to the Adelanto Detention Center, where he remains detained. Petitioner has not received a bond hearing.

According to Petitioner's Automated Case Information on the Executive Office for Immigration Review website, he was ordered removed on May 29, 2026, and filed an appeal with the Board of Immigration Appeals ("BIA") on June 12, 2026, which is currently pending. *See* https://acis.eoir.justice.gov/en/.

## III. Discussion

As an initial matter, Petitioner's removal order is not administratively final because it is on appeal before the BIA. Consequently, Petitioner's detention does not fall under 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. . . ."); 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the

conclusion of proceedings under section 240 of the Act shall become final: . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals").

Instead, Petitioner's detention is governed by 8 U.S.C. § 1226(a). Pursuant to 8 U.S.C. § 1226(a), on a warrant authorized by the Attorney General, a noncitizen may be arrested and detained pending a decision on whether the noncitizen is to be removed from the United States. 8 U.S.C. § 1226(a). Subject to exceptions not applicable here, ICE may continue to detain the noncitizen or may release them on a bond with security and conditions, or on conditional parole. 8 U.S.C. § 1226(a)(1), (2). At any time, that bond or parole may be revoked and the noncitizen rearrested under the original warrant and detained. 8 U.S.C. § 1226(b).

When the noncitizen is arrested pursuant to § 1226(a), ICE makes an initial custody determination, including consideration of a bond. 8 C.F.R. §§ 236.1(c)(8), 236.1(d). ICE may, in its discretion, release the noncitizen provided they demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons and that the noncitizen is likely to appear for any future proceeding. 8 C.F.R. § 236.1(c)(8).

### A. Procedural Due Process Violation

Petitioner argues in his unopposed, counseled Supplemental Petition that his re-detention without a pre-deprivation hearing violated due process under the Fifth Amendment. Courts in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-

MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also Madrigal-Cortez v. Santacruz*, No. 2:26-cv-01939-RGK-MAA, 2026 WL 1045639 at *4 (C.D. Cal. Feb. 27, 2026) (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-detained at ICE check-in without any notice, opportunity to be heard, or showing of changed circumstances).

The Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial liberty interest in maintaining his settled life out of custody. Petitioner has resided in the United States continuously since 1987, except for a two-month period when he left the country to visit his dying father. He has a wife and five children—two who are U.S. citizens, and three stepchildren. He has been employed as a butcher in a market since 2013, has worked hard, and has obeyed the law. Dkt. No. 1 at 12. He also volunteers at his church.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671,

683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Court therefore recommends concluding that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of h[is] liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger

to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Respondents do not contend that Petitioner is a flight risk or danger. Neither do they dispute Petitioner's claim that he has obeyed all laws during his extensive time in the United States.

Further, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Petitioner has been detained for over eight months without a bond hearing to determine if his custody is necessary. The Court recommends finding that the risk of erroneous deprivation is especially strong here, given the prolonged detention Petitioner has experienced without any process. *See Mumaev v. Semaia*, No. 5:25-CV-03409-FLA (MAR), 2026 WL 530765 at *6–7 (C.D. Cal. Feb. 20, 2026) (TRO granting release, finding a considerable risk of erroneous deprivation, and rejecting government's argument that a bond hearing six months after re-detention satisfied due process).

Finally, the absence of opposition to Petitioner's due process claim itself is a basis to grant the Supplemental Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to

all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Therefore, based on this record, the Court recommends concluding that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore recommends concluding that the

Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## IV. Conclusion

The Court concludes that Petitioner is entitled to habeas relief and recommends that the Petition be granted based on due process. The Court recommends that Respondents be ordered to release Petitioner within 24 hours of the release order on the same conditions of release that existed before his re-detention.

Petitioner also seeks an order that "Petitioner may not be re-detained absent proper notice of the reasons that form the basis for revocation of parole" and ordering "a pre-deprivation hearing if Respondents should try to detain [Petitioner] again, where Respondents would bear the burden of proving that there is an important governmental interest that requires such detention by clear and convincing evidence." Dkt. No. 16 at 9. However, Petitioner does not provide a legal and factual basis for ordering such prospective relief at this time.

## V. Objections Period

Generally, either party may file objections to this Court's findings and recommendations under 28 U.S.C. § 636(b)(l)(C). By Local Rule, the objections period in a case involving a person in custody is presumptively 20 days. *See* L.R. 72-3.4. However, because the government did not present an opposition to the Supplemental Petition, the Court recommends that the objections period be eliminated and forthwith release be ordered.

## VI. Recommendation

It is recommended that the District Judge issue an Order:

(1) accepting this Report and Recommendation;

(2) granting habeas relief;

(3) directing that Judgment be entered granting the Supplemental Petition;

(4) ordering Respondents to release Petitioner Eligio Mariano Velasco Ortega (A# 078-024-642) from immigration custody within 24 hours of the release order on the same conditions of release that existed before his re-detention; and

(5) ordering Respondents to file a status report within three days of the order confirming Petitioner has been released.

DATED: July 21, 2026

Patricia Donahue
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals. They are subject to review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.